UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TUGBA SARAC,

    Plaintiff,

v.                              Case No.: 8:18-cv-02485-T30-SPF

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

    Defendant.
_____/

## **ORDER**

Before the court is Defendant's Corrected Motion to Compel Psychological Examination ("Defendant's Motion") (Doc. 31), Plaintiff's Amended Motion for Protective Order Against Her IME and Her Deposition in Florida ("Plaintiff's Motion") (Doc. 36), and the parties' responses in opposition thereto (Docs. 33 & 37). Upon consideration, Plaintiff's Motion and Defendant's Motion are granted in part and denied in part.

    **I.**    **Motion to Compel Plaintiff's Psychological Examination**

Defendant seeks to compel Plaintiff to undergo a mental examination by Eric Kaplan, M.D. ("Dr. Kaplan"), a board-certified clinical and forensic psychiatrist, in Lutz, Florida, on January 31, 2020, the day after Plaintiff's noticed deposition. Under Rule 35(a), a Court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

However, the order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a). A "Plaintiff's 'mental condition' within the meaning of Rule 35 is not . . . placed in controversy merely because plaintiff seeks recovery for 'emotional distress.'" *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 167–68 (M.D. Fla. 1995). To establish good cause for a mental examination, a defendant must show that a plaintiff's claim has "gone beyond a mere claim for emotional distress." *Id.*

Plaintiff, a citizen and resident of Turkey, sued Defendant under Title VII and the Florida Civil Rights Act ("FCRA") for sex discrimination, retaliation, and national origin discrimination (Doc. 8). Plaintiff alleges that due to the discrimination, she "sought mental treatment through the EAP program and her condition was so bad that her counselor continued to treat her for no charge after the EAP sessions had expired." (*Id.* at ¶28). Plaintiff's mental health counselor indicated that Plaintiff experienced severe appetite, sleep and elimination disturbance, severe general anxiety, and severe panic attacks as a result from her experiencing sexual harassment on the job. (Doc. 31-4). Moreover, in her interrogatory responses, Plaintiff states that she suffers from anxiety, mental anguish, emotional pain and suffering, loss of confidence, weakness, and fearfulness of being around men (Doc. 31-2 at 11–12). As a result, Plaintiff seeks compensatory damages in the maximum amount allowed by law, including damages for "emotional pain, suffering, inconvenience, mental anguish, loss of dignity and loss of enjoyment of life," among others (Doc. 8 at 6–9; Doc. 31-2 at 11).

Defendant argues that Plaintiff has clearly placed her mental condition in controversy and Plaintiff does not dispute this assertion. *See Gritt v. Target Corp.*, No. 807CV181T27EAJ, 2008 WL 1777744, at *2 (M.D. Fla. Apr. 18, 2008) ("A mental examination is warranted when . . . plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35"). Additionally, the Court is independently satisfied that Plaintiff's allegations, interrogatory responses, and damages sought place her mental condition in controversy. *See Tracey P. v. Sarasota County*, No. 8:05-CV-927-T-27EAJ, 2006 WL 1678908, at *2 (M.D. Fla. June 16, 2006) (finding that the plaintiffs has placed her mental condition in controversy when in their responses to interrogatories they alleged that the defendants actions have caused them "tremendous emotional harm" and "severe anxiety and fear."). Consequently, the Court finds good cause to compel Plaintiff to submit to a psychological examination.

## II. <u>Protective Order</u>

While Plaintiff does not oppose the request for a psychological examination, she moves for a protective order for relief from having to travel to the United States for her deposition and examination scheduled for later this month. Plaintiff argues that she recently accepted employment in Qatar and will be on probation for three months beginning January 15, 2020.[1] Plaintiff is fearful that if she takes time off work to attend her deposition and medical examination while on probation or discloses the purpose of her trip to the United States, she would be terminated from her new employment.

---

[1] She also contends that she would have to travel to Turkey to obtain a travel visa.

Typically, a plaintiff must make herself available for deposition in the judicial district in which she filed suit. *Curry v. HSBC N.A. Holdings, Inc.*, No. 8:14-CV-2420-T-30JSS, 2015 WL 4911447, at *2 (M.D. Fla. Aug. 17, 2015); *see also DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 608 (N.D. Fla. 2019) (stating that there is a presumption that a plaintiff may be deposed in the district in which he has initiated his action); *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (stating that the "Plaintiff in an action should expect to be deposed in the forum where the action is pending"). Indeed, the Middle District of Florida Local Rules provide that "it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case . . ." M.D. Fla. R. 3.04(b). Similarly, the prevailing view in this and other districts is that a medical or mental examination "should take place in the district where the action is pending." *Faynik v. Magical Cruise Co., Ltd.*, No. 617CV1282ORL37TBS, 2018 WL 7360664, at *1 (M.D. Fla. Aug. 2, 2018) (citing in accord *Plaintiff B v. Francis*, No. 5:08CV79-RS/AK, 2009 WL 1360853, at *1 (N.D. Fla. May 12, 2009); *Seybold v. Soso Clapis*, No. 612CV1630ORL37GJK, 2014 WL 12631445, at *2 (M.D. Fla. Apr. 22, 2014); and *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005)). This policy ensures that "the examining doctor is available as a witness at trial." *Faynik*, 2018 WL 7360664, at *1 (citation omitted).

The Court, however, may modify the time, place, and manner of a deposition or medical examination "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); s*ee also Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (stating that when the location of a

deposition is in dispute, the Court has broad discretion to control the course of discovery). The movant must show "good cause" for entry of the protective order. *Fiore v. Goodyear Tire & Rubber Co.*, No. 209CV843FTM29SPC, 2010 WL 11455371, at *1 (M.D. Fla. Oct. 1, 2010). Under the "good cause" standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). Plaintiff proposes that her deposition be taken via videoconference and her mental examination be performed in Qatar. Alternatively, she proposes that her deposition, mental examination, and the mediation be scheduled on consecutive days after her probation period expires. The Court agrees with the latter approach.

Plaintiff is more than an ordinary witness in this case. Her testimony will likely be a central piece of evidence for both parties. Due to the significance of Plaintiff's expected testimony, Defendant should be afforded the opportunity to depose Plaintiff in person. *See Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2015 WL 12818837, at *3 (M.D. Fla. June 23, 2015) ("In determining whether to issue a protective order, courts balance such factors as . . . the content and importance of plaintiff's testimony, and the type of claim"); *Huddleston v. Bowling Green Inn of Pensacola*, No. 3:19-CV-1545-MCR/MJF, 2019 WL 7046347, at *4 (N.D. Fla. Dec. 18, 2019) (stating that "[i]f feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person"). Moreover, even if the Defendant were able to locate a qualified examiner in Qatar, the parties cannot ensure that "the examining doctor [will be] available as a witness at trial." *See Faynik*, 2018 WL 7360664, at *1.

Finally, Plaintiff has not demonstrated a specific undue burden or expense which precludes her from traveling to the Middle District of Florida for her deposition and mental examination after her three-month probation period. *See Seybold*, 2014 WL 12631445, at *2 (stating that "absent evidence of an undue burden or expense, [a plaintiff] should not now complain about having to travel to the forum of her choosing for physical examinations"). Therefore, while the Court is satisfied that Plaintiff's risk of losing her job provides good cause to protect her from attending her deposition and psychological examination before the end of her three-month probation period, no good cause exists to modify the location of her deposition and mental examination, or to order Defendant to pay for Plaintiff's traveling and lodging costs.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Defendant's Corrected Motion to Compel Psychological Examination (Doc. 31) and Plaintiff's Amended Motion for Protective Order Against Her IME and Her Deposition in Florida (Doc. 36) are granted in part and denied in part as follows:

    a. Defendant's Motion is granted to the extent that Plaintiffs shall appear for a psychological examination by Dr. Eric Kaplan in Lutz, Florida. Defendant's Motion is otherwise denied.

    b. Plaintiff's request for a protective order is granted to the extent that Plaintiff is not required to travel to the United States to attend her deposition or psychological examination prior to April 20, 2020. Plaintiff's Motion is otherwise denied.

2. After conferring with Plaintiff, Defendant shall notice Plaintiff's deposition and mental examination for consecutive dates between April 20, 2020 and May 8, 2020. Plaintiff's deposition shall take place within the Tampa Division of the Middle District of Florida.

3. The parties are directed to conduct a mediation conference in accordance with Chapter Nine of the Local Rules of the United States District Court for the Middle District of Florida between April 20, 2020 and May 8, 2020. Plaintiff's counsel is designated as Lead Counsel and, after conferring with Defendant, shall file a notice of selection of mediator and scheduling of mediation by February 7, 2020. Unless the parties otherwise agree, the mediation shall be scheduled on a date immediately before or after Plaintiff's deposition or psychological examination.

4. The Court will modify the Amended Case Management and Scheduling Order (Doc. 29) by separate order.

ORDERED in Tampa, Florida, on January 8, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE